# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JOSHUA PIERCE**  **PLAINTIFF**
**ADC #136200**

V.  NO. 4:25-cv-00156-JM-ERE

**JOHN STAYLEY**, *et al.*  **DEFENDANTS**

## ORDER

*Pro se* plaintiff Joshua Pierce, an Arkansas Division of Correction inmate formerly detained at the Lonoke County Detention Center ("Detention Center"), filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2.* This Order identifies multiple problems with Mr. Pierce's complaint. Rather than formally screen his complaint at this time,[1] the Court will give him an opportunity to file an amended complaint correcting the problems in his current complaint.

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

I. **Background**

Mr. Pierce's complaint alleges that: (1) during his March 30, 2022 arrest, Defendant Officer Darren White allowed his K9 to use excessive force against him, then personally used excessive force against him; (2) upon his arrival at the Detention Center, Defendants White and Corporal Maples failed to provide him medical care for the injuries that he sustained during the underlying incident; (3) in December 2022, unidentified Detention Center staff denied him access to the kiosk system, the telephone, and the law library; (4) on January 12, 2024, although he suffered 64 seizures during several hours causing him to suffer a stroke, Defendant Captain Macfarland, Corporal Wolf, Officer Maples, and Jail Administrator Wakefield failed to provide him adequate medical care; and (5) Defendant Wakefield refused to return his personal property to his family.

II. **Problems with Complaint**

A. **Unrelated Claims**

Mr. Pierce's complaint includes various claims arising at different time periods, both before and during his incarceration at the Detention Center and involving different Defendants. Mr. Pierce may not pursue multiple claims that are factually and legally unrelated in a single lawsuit. See FED. R. CIV. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or

occurrences," and involve "any question of law or fact common to all defendants"). Instead, Mr. Pierce must choose which *related* claims he wishes to pursue in this case. He is free to pursue unrelated claims by filing one or more new lawsuits.

### B.   Personal Involvement – Defendant Stayley

Mr. Barton's complaint fails to allege facts to show how Defendant Sheriff John Stayley personally participated in any unconstitutional conduct or was directly responsible for a constitutional violation. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).

Under the law, Defendant Stayley's supervisory role does not make him legally responsible for the unconstitutional conduct of the employees he supervises. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that, because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Saylor v. Nebraska*, 812 F3.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts"); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997)

(holding that the "general responsibility for supervising the operations of a prison in insufficient to establish the personal involvement required to support [§ 1983] liability").

In its current form, Mr. Pierce's complaint fails to state a plausible constitutional claim against Defendant Stayley.

### C.   Access to Kiosk System, Telephone, and Law Library

Mr. Pierce generally alleges that unidentified Detention Center officials denied him access to the kiosk system, telephone, and law library. However, Mr. Pierce does not identify which individuals engaged in any such conduct. In any event, his vague allegations will not support a constitutional claim.

First, the purpose of kiosk machines is to allow inmates to file grievances; however, the law is settled that an inmate does not have a constitutional right to an inmate grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). For that reason, Mr. Pierce's allegations related to the denial of access to the kiosk machines fail to state a plausible constitutional claim.

Second, Mr. Pierce's alleged denial of access to a telephone for 40 days, standing alone, does not state a plausible claim that his First Amendment rights were violated. Mr. Pierce's constitutional right to communicate with persons outside of prison is not unlimited. See *Benzel v. Grammer*, 869 F.2d 1105, 1108 (8th Cir. 1989)

4

(prisoners do not have a right to unlimited phone use). Mr. Pierce acknowledges that his phone and kiosk use was blocked after he broke a no-contact order by calling his wife from jail. He presumably was still able to communicate by mail and may have been able to have visitors.

In addition, to the extent his phone privileges were revoked as a punishment for his failure to follow prison rules, Mr. Pierce fails to allege that any Defendant denied him due process before punishing him.[2] In fact, Mr. Pierce acknowledges that he received disciplinary papers regarding the incident. *Doc. 2 at 8*.

Third, Mr. Pierce makes conclusory, factually unsupported allegations that he was denied "access to the courts" and "access to an attorney." *Doc. 2 at 10*. To allege a plausible denial of court access claim in this context, Mr. Pierce must allege facts to show that a Defendant kept him from litigating or defending a claim in court and, by this misconduct, caused him to suffer an actual injury. See *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). Mr. Pierce's complaint fails to include any factual allegations that would support a plausible access to the courts claim.

---

[2] See *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2022) ("pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less"); *Brown-El v. Delo*, 969 F.2d 644, 647 (8th Cir. 1992) (When a detainee "is deprived of privileges or placed in a special confinement status in order to punish him for past misconduct, then due process requires some kind of hearing beforehand").

5

### D.     Personal Property

Finally, Mr. Pierce cannot bring a § 1983 due process claim for the intentional or negligent loss of personal property, as long as Arkansas provides a post-deprivation remedy to address the property loss. *Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981). Arkansas provides a post-deprivation remedy by allowing Mr. Pierce to file a conversion action, in state court, against Defendant Wakefield for allegedly failing to return his personal property. *Bausley v. Dugan*, 110 F. App'x 736, *1 (8th Cir. 2004) (holding that a detainee could not bring a § 1983 claim against county jail employees for seizure of personal property because he could bring a conversion action against them in state court); *Carniglia v. Dearmon*, 16 F. App'x 548, 549 (8th Cir. 2001) (same); *Butler v. Smith*, 208 F.3d 217, *1 (8th Cir. 2000) (same). Because Mr. Pierce has an adequate post-deprivation remedy available to him in state court, he has failed to state a plausible constitutional claim for relief regarding his property loss.

## II.     Guidelines for Filing Amended Complaint

Mr. Pierce has thirty days to file an amended complaint. If filed, the amended complaint should: (1) include only related claims; (2) identify and name as Defendants the individuals who allegedly violated his constitutional rights; (3) explain how each Defendant personally violated his constitutional rights; and (4)

describe how he was harmed or injured as a result of each Defendant's alleged unconstitutional conduct.

Mr. Pierce's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Pierce should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit. Also, Mr. Pierce should not rely upon, or incorporate by reference, any allegations made in the original complaint. In other words, Mr. Pierce's amended complaint, if filed, will stand alone.

Finally, in the amended complaint, Mr. Pierce need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence that Mr. Pierce may rely on later to prove the claims raised in this lawsuit.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.    Mr. Pierce may file an amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Pierce fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of some or all of his claims.

3. The Clerk is instructed to provide Mr. Pierce a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

SO ORDERED 27 February 2025.

_____
UNITED STATES MAGISTRATE JUDGE